[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12962
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-03044-AT

TOM COOPER,
GAIL COOPER,

Plaintiffs-Appellants,

versus

MARTEN TRANSPORT, LTD.,
DWAYNE STROMAN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 9, 2015)

Before JORDAN, JILL PRYOR, and COX, Circuit Judges.

PER CURIAM:

The Plaintiffs Tom and Gail Cooper sued the Defendants Dwayne Stroman (the truck driver) and Marten Transport, Ltd. (his employer), alleging that Stroman negligently crashed into the rear of the Plaintiffs' car. This is a diversity case; Georgia law applies. The Plaintiffs sought damages for personal injury. The negligence claim was tried to a jury, which rendered a verdict in favor of the Defendants. The Plaintiffs appeal.

The Plaintiffs present a number of arguments on this appeal. The issues that warrant discussion, however, boil down to three: (1) that the court erred in denying their Federal Rule of Civil Procedure 50(a) motion for judgment as a matter of law ("JMOL"), which was asserted at the close of the Plaintiffs' case; (2) that the court erred in denying their Federal Rule of Civil Procedure 50(b) renewed motion for judgment as a matter of law post-trial; and (3) that the jury instructions and the verdict form were improper and warrant a new trial.

The Plaintiffs failed to make timely objections to the court's jury instructions or the court's verdict forms, either before the jury was instructed or prior to jury deliberations. Thus, any objections to the jury instructions or the verdict form were waived. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999). And, the Plaintiffs neither discuss the elements of any "plain error" nor convince us that plain error occurred.

2

We turn now to the Plaintiffs' motions for JMOL.  The dispute arises, in large part, from conflicting uses of the word "negligence."  The Defendants discuss it in terms of all the elements of a negligence claim:  (1) duty; (2) breach of duty; (3) causation; and (4) damages.  The Plaintiffs, instead, use it to describe only the breach of duty element.  While it is the case that people sometimes use the term negligence in the latter sense, we conclude from the record that the district court and the jury understood the term negligence on the verdict form in the former sense—including all the elements of the negligence claim.

We consider in sequence the JMOL motions.  The first JMOL motion (a Rule 50(a) motion) was made at the close of the Plaintiffs' case, before the Defendants had the opportunity to present any evidence.  (Trial Transcript, D.E. 252 at 253–55).  The motion for JMOL was characterized as "[a]gainst the defense for their argument that degenerative changes can be argued to be the cause of the symptoms here."  The court held the motion in abeyance, inviting Plaintiffs' counsel to renew the motion at the conclusion of evidence.  The Plaintiffs did not renew this motion at the conclusion of the evidence.  The motion made at the close of the Plaintiffs' case was not due to be granted before the Defendants had the opportunity to present evidence.  Thus, we find no error in the court's failure to grant this motion.

3

The Plaintiffs' argument in favor of their post-trial JMOL motion (a Rule 50(b) motion) points to Stroman's admission that he was at least in part to blame for the collision.  This admission, Plaintiffs contend, is sufficient evidence to entitle them to judgment as a matter of law.  The district court rejected this argument.  The court noted that this admission went to whether Stroman breached a duty of care, and, that proof that Stroman's conduct was the proximate cause of injuries suffered was also required.  The district court then inferred that "the jury was unconvinced that the collision was the proximate cause of any of the Plaintiffs' alleged injuries."  And, concluding that proximate cause was properly a question for the jury, the district court denied the Plaintiffs' JMOL motion.

We need not decide this issue.  A Rule 50 motion is only a renewal motion, and may only be grounded on arguments advanced in the pre-verdict motion.  The pre-verdict motion was not grounded on Stroman's admission of fault.  And, for the reasons discussed above, the district court did not err in denying the Plaintiffs' pre-verdict motion.  For these reasons, the Plaintiffs' Rule 50(b) motion was properly denied.

Because the Plaintiffs were not entitled to judgment as a matter of law before the Defendants had the opportunity to present evidence, because the other issues raised by the Plaintiffs were not properly preserved, and for the other reasons stated in this opinion, the judgment of the district court is affirmed.

4

AFFIRMED.